IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00152-MR-WCM

| | |
|---|---|
| ERIC F. CAPELL; ) | |
| CHRISTINE E. GARREN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| U.S. POSTAL SERVICE; ) | |
| CYNTHIA MILLARD STATON; ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the United States' Motion to Substitute (the "Motion," Doc. 2).

I. Relevant Background

On May 10, 2024, *pro se* Plaintiffs Eric F. Capell and Christine E. Garren ("Plaintiffs") filed their Complaint against the United States Postal Service and Cynthia Millard Staton in the District Court (Small Claims) of Henderson County, North Carolina. Doc. 1-1.

On May 21, 2024, the United States removed the case. Doc. 1. Attached to the Notice of Removal is a "Certification of Scope of Employment," in which the United States Attorney for the Western District of North Carolina states that "with respect to the events alleged in the Complaint, which allegations are denied for purposes of assessing liability, the defendant, Cynthia Millard

Staton, employee of the United States Postal Service, was acting at all relevant times within the course and scope of her federal employment" (the "Certification," Doc. 1-2).

By the instant Motion, the United States "moves to be substituted as the sole party Defendant in this case pursuant to 28 U.S.C. § 2679." Doc. 2 at 1. Plaintiffs have not filed a response to the Motion and the time for doing so has expired.

## II. Discussion

Generally, "[w]hen a plaintiff brings an action against federal employees, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the Westfall Act, empowers the Attorney General of the United States to certify that a defendant employee was acting within the scope of his or her employment at the time of the incident giving rise to the claim …. " McAdoo v. United States, No. 1:14cv239-MOC-DLH, 2015 WL 4757266, at *4 (W.D.N.C. July 8, 2015), report & recommendation adopted, No. 1:14-CV-00239-MOC, 2015 WL 4757284 (W.D.N.C. Aug. 12, 2015).

If such a certification is provided, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679 (d)(1); see also Wilson v. Jones, 902 F. Supp. 673,

2

Case 1:24-cv-00152-MR-WCM   Document 6   Filed 06/11/24   Page 2 of 3

677 (E.D. Va. 1995).

Here, Plaintiffs have not contested the Certification or the Motion. See Maron v. United States, 126 F.3d 317, 323 (4th Cir. 1997) ("the certification satisfies the government's prima facie burden …. "); Wilson v. Jones, 902 F. Supp. 673, 679 (E.D. Va. 1995) ("The scope certification serves as *prima facie* evidence that the defendant was acting within the scope of his employment, so if the certification is not contested by the plaintiff, the district court should substitute the United States as party defendant under 28 U.S.C. § 2679(d)(2).").

**IT IS THEREFORE ORDERED THAT** the Motion to Substitute (Doc. 2) is **GRANTED**, and the United States is **SUBSTITUTED** as the sole party Defendant in the place of the United States Postal Service and Cynthia Millard Staton.

Signed: June 10, 2024

W. Carleton Metcalf
United States Magistrate Judge